IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | : | |
|---|---|---|
| CHRISTOPHER SINTEL KING, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| TIFT COUNTY JUDICIAL CIRCUIT; | : | |
| Superior Court Judge RALPH SIMPSON; | : | |
| Attorney JAMES M. WALKER, III; and | : | |
| Clerk of Court GWEN C. PATE; | : | NO. 7:06-cv-80 (HL) |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **CHRISTOPHER SINTEL KING**, an inmate at the Tift County Law Enforcement Center in Tifton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B.  *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

## II.  BACKGROUND

In this lawsuit, plaintiff raises claims concerning the handling of his state criminal and habeas proceedings in the Superior Court of Tift County.  In March of this year, plaintiff, through his attorney, James M. Walker, III, filed a motion for new trial and notice for an out-of-time appeal (criminal case 2005-CR-103).  In May of 2006, plaintiff filed a habeas petition (case number 2006 CV 384S).  Plaintiff complains that no action has been taken on any of his various filings.

In addition to seeking one million dollars in damages caused by defendants' alleged delay, plaintiff also seeks to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1361 to force Tift County court officials to:  (1) rule on plaintiff's habeas corpus action; (2) appoint plaintiff an appellate attorney; and (3) process his notice of appeal.

In the heading of his caption, plaintiff lists two defendants: Tift County Judicial Circuit and Superior Court Judge.  Although not listed in the caption of the complaint, attorney James M.

Walker, III, and Clerk of the Superior Court of Tift County, Gwen C. Pate, are mentioned in the body of the complaint. Because plaintiff is proceeding *pro se*, Walker and Pate will be added to the caption of this case as defendants.

## III. DISCUSSION

### A. Mandamus Relief

To the extent that plaintiff asks this Court to force Tift County Court officials to rule on plaintiff's habeas corpus action, appoint plaintiff an appellate attorney, and transmit to the Georgia Court of Appeals plaintiff's criminal appeal, such request is in the nature of mandamus. Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Tift County Court officials are not officers or employees of the United States or any agency; as such, this Court has no jurisdiction to force him to act on plaintiff's behalf. **See Moye v. Clerk, DeKalb County Superior Court**, 474 F.2d 1275, 1275-76 (5th Cir.1973) (finding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."). Thus, this Court has no authority to grant any such request of plaintiff.

### B. Damage Claims

#### 1. "Tift County Judicial Circuit"

The Tift County Judicial Circuit is not a "person" who may be sued in an action brought under section 1983. **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 71 (1989); *see also* **Mumford v. Zieba**, 4 F.3d 429, 435 (6th Cir.1993) (holding that a state court is not a "person" under

section 1983).  For this reason, it is **RECOMMENDED** that the Tift County Judicial Circuit be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### 2. *"Superior Court Judge"*

The Court interprets plaintiff's claim against "Superior Court Judge" as one against Judge Ralph Simpson, the judge who presided over plaintiff's criminal trial and whom plaintiff mentions throughout his complaint.  Judges are absolutely immune from money damages for actions taken while acting in their judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996).  Moreover, plaintiff raised nearly identical claims against Judge Simpson and others in a prior case, *King v. Hutto*, civil action number 7:06-cv-57 (HL).  On July 25, 2006, the undersigned recommended that plaintiff's claims against Judge Simpson be dismissed.  On August 22, 2006, this recommendation was accepted by Judge Hugh Lawson and made the order of the Court.  Plaintiff is advised that the Court will not reconsider its previous decision in that case.

In light of the foregoing, it is **RECOMMENDED** that plaintiff's claims against Judge Ralph Simpson be **DISMISSED** and that Judge Simpson be terminated as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *3. James M. Walker, III*

Plaintiff's wide-ranging allegations against James M. Walker, III, plaintiff's court appointed appellate attorney, appear to suggest essentially that Walker rendered ineffective assistance of counsel.

It is well-settled that in acting as counsel for a criminal defendant, an attorney does not act "under color of state law." *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding that public defenders do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). An attorney may be sued under section 1983, however, if he conspired with someone who did act under color of state law. *Id.* In the present case, plaintiff appears to allege such a conspiracy involving Walker and employees of the Superior Court of Tift County. Plaintiff, however, failed to plead more than a general conclusory allegation of conspiracy. Because plaintiff failed to allege specific facts supporting the existence of a conspiracy, plaintiff has not stated a constitutional claim cognizable under section 1983. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Accordingly, the undersigned

**RECOMMENDS** that attorney James M. Walker, III, be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *4. Gwen C. Pate*

Plaintiff's claim against Gwen C. Pate, Clerk of the Superior Court of Tift County, appears

to be that she denied him access to the courts because she has not prepared and transmitted plaintiff's notice of appeal to the Georgia Court of Appeals as requested. Although the Court has serious reservations as to the validity of plaintiff's claim against Pate, at this juncture, the Court cannot determine that such claim is frivolous. The Court will therefore allow, by separate order, plaintiff's claim against defendant Gwen C. Pate to go forward.

**SO RECOMMENDED**, this 5th day of September, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE