IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SINTEL KING, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| VS. | : | **7 : 06-CV-80 (HL)** |
| | : | |
| Clerk of Court GWEN C. PATE, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions for

summary judgment filed by both parties, as well as a Motion to Amend filed by the plaintiff.

The plaintiff filed this action in August 2006, raising claims concerning the handling of his state

criminal and habeas proceedings in the Superior Court of Tift County.   In a recommendation

dated September 5, 2006, the undersigned recommended that all defendants except Gwen C. Pate

be dismissed.  The court expressed serious reservations as to the validity of plaintiff's claim

against Pate, to wit, that she denied him access to the courts because she had failed to prepare

and transmit plaintiff's notice of appeal to the Georgia Court of Appeals as requested, but noted

that the court could not determine that such claim was frivolous at the time of the initial review

of his complaint.  This recommendation was adopted by the district court on September 27,

2006. ***Background***

 The plaintiff was convicted in the Superior Court of Tift County on August 24, 2005, on

charges of possession of marijuana with intent to distribute.  On March 14, 2006, the plaintiff,

through counsel, filed a motion for new trial and filed a Notice of Out of Time Appeal on March

15, 2006.  In May 2006, plaintiff filed a state habeas petition.  In his complaint, the plaintiff alleges that defendant Pate, the Clerk of Court for Tift County, Georgia, "is liable for denying me access to the courts" because she allegedly failed to file his notice of appeal with the Georgia Court of Appeals.  He also appears to allege that Ms. Pate is somehow responsible for the lack of scheduled hearings or proceedings in his state habeas petition.

### Motion to amend

The plaintiff filed a motion to amend on June 6, 2007, following the filing of motions for summary judgment and responses thereto.  In his motion to amend, the plaintiff seeks to add two (2) defendants, Warden Daniel Stone and Edwina M. Watkins, Assistant Attorney General for the State of Georgia.  The plaintiff asserts that these individuals "were aware he was being detained in the Tift County Law Enforcement Center where from and during the time his habeas corpus petition was filed in the Tift County Superior Court", and apparently seeks to hold them liable for the proceedings, or lack thereof, in his state habeas petition.

Rule 15(a) provides that "[a] party may amend the party's pleading [after a responsive pleading has been served] only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend."  *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).  The court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"  *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990) (quoting

*Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The discovery period herein expired on January 30, 2007, with the defendant having filed her answer on November 1, 2006. Both parties have filed and responded to motions for summary judgment. In light of the nine (9) month delay between the filing of the initial complaint and the filing of his Motion to Amend and the advanced state of proceedings herein, plaintiff's Motion to Amend is hereby **DENIED**.

### *Motions for summary judgment*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235 (11th Cir. 1992) (*citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In his Motion for Summary Judgment, the plaintiff presents his sworn statement along with copies of motions and orders pertaining to his underlying criminal conviction and asserts that he is entitled to the entry of judgment. Defendant Pate has responded to the plaintiff's motion with her cross-motion for summary judgment, supported with her affidavit, as well as copies of motions filed in regard to plaintiff's underlying criminal conviction, including a motion for new trial, notice of out-of-time appeal, and state habeas proceedings. Pate states in her original affidavit, signed on January 31, 2007, that:

> Plaintiff's Notice of Appeal stated that, "[t]he clerk will please omit nothing from the record on appeal. Transcript of evidence and

proceedings will be filed for inclusion in the record on appeal." The transcript from Plaintiff's criminal trial was not filed until April 25, 2006, and the record does not reflect that any extensions were granted for the filing of the transcript.

Plaintiff's Motion for New Trial was originally scheduled to be heard on May 12, 2006, but that hearing was postponed. As the Motion for New Trial remained outstanding, and as Plaintiff's Notice of Appeal indicated that nothing should be omitted from the record, it would have been premature for my office to transmit part of the record to the Georgia Court of Appeals. As it was unusual to have a Notice of Appeal filed prior to a ruling on a pending Motion for New Trial, in an abundance of caution, I did telephone the Clerk's Office of the Georgia Court of Appeals to verify that it was premature to send the record to that court. I was told by the Clerk's Office of the Georgia Court of Appeals not to send the record until the pending Motion for New Trial had either been ruled upon, or dismissed.

The record reflects that Plaintiff was appointed new counsel, and that Plaintiff's new counsel filed an Amended Motion for New Trial on October 13, 2006 . . . [which] was then heard on December 19, 2006. [This motion] was denied on December 22, 2006.

. . .

I then spoke with Plaintiff King's legal counsel, Robert Jewell, to determine whether he wanted me to go ahead and send the record up to the Georgia Court of Appeals now that we finally had a ruling on the Motion for New Trial. Attorney Jewell told me not to send the record up yet. Instead, he wanted me to wait until he had obtained and filed a transcript from the hearing on the Motion for New Trial of December 19, 2006, and he wanted to file an Amended Notice of Appeal. He asked me not to transmit the record to the Georgia Court of Appeals until after he had done these two things. As of the date of my signing this Affidavit, no transcript has yet been filed from the hearing on Plaintiff's Motion for New Trial, and no Amended Notice of Appeal has been filed.

At no time have I acted with any malice toward Plaintiff King, nor with any intent to deprive him of any of his legal rights. I have at all times in regard to Plaintiff King acted in good faith in the discharge of the duties imposed upon me as the Clerk of Court, and in a reasonable manner. The record regarding Plaintiff's appeal from his conviction remains incomplete as the transcript from the hearing on

4

> Plaintiff's Motion for New Trial has not yet been filed, but when the record is complete, it will certainly be sent to the Georgia Court of Appeals for docketing.

Pate affidavit at ¶¶ 4-10.

Defendant Pate filed a supplemental affidavit on April 2, 2007, and states therein that on February 12, 2007, the court reporter filed the transcript from plaintiff's hearing on Motion for New Trial, and that on February 14, 2007, defendant Pate "did in fact transmit the entire record regarding Plaintiff King's appeal to the Georgia Court of Appeals." Pate attached to this affidavit certification of this transmittal and a copy of the docketing notice from the Georgia Court of Appeals, showing that plaintiff's appeal was docketed on February 22, 2007. Pate supplemental affidavit at ¶ 3.

In response to defendant Pate's summary judgment showing, the plaintiff presents objections to the defendant's arguments in the form of sworn statements. The plaintiff contends that there is no evidence to support the defendant's contention that his first appellate attorney instructed her to hold his appeal or that the Georgia Court of Appeals told defendant Pate to hold the filings. While he admits that attorney Robert Jewell wanted the appeal filed after the amended motion for new trial had been heard, the plaintiff continues to argue that the record was complete and that all necessary documents to proceed on appeal had been filed by his previous attorney, James M. Walker III, who, according to the plaintiff, believed that the appeal had been forwarded by Pate to the Georgia Court of Appeals.

Initially, the court notes that pursuant to O.C.G.A. § 5-6-43, "[w]ithin five days after the date of filing of the transcript of evidence and proceedings by the appellant or appellee, as the case may be, it shall be the duty of the clerk of the trial court to prepare a complete copy of the

entire record of the case, omitting only those things designated for omission by the appellant and which were not designated for inclusion by the appellee, together with a copy of the notice of appeal and copy of any notice of cross appeal, with date of filing thereon, and transmit the same, together with the transcript of evidence and proceedings, to the appellate court, together with his certificate as to the correctness of the record." The undisputed facts herein establish that the notice of appeal filed on the plaintiff's behalf requested that the clerk "please omit nothing from the record on appeal. Transcript of evidence and proceedings will be filed for inclusion in the record on appeal." Defendant's Exhibit A-3. A Motion for New Trial was pending at that time, having been filed one (1) day prior to the filing of the notice of appeal. Thus, the record was to include the transcript and proceedings pertaining to the Motion for New Trial, as it had not been specifically excluded from the general request for inclusion of all transcripts and proceedings.

Moreover, in order to establish a denial of the right of access to the courts, the plaintiff must have suffered an actual injury. In *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174 (1996) the Supreme Court reiterated this requirement of showing an actual injury in order to state a claim of denial of access, stating that "[t]he requirement that an inmate alleging [denial of access to the courts] must show actual injury derives ultimately from the doctrine of standing, . . . It is the role of courts to provide relief to claimants, . . . who have suffered, or will imminently suffer, actual harm". *Id.* at 2179. "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. . . . Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Herein, the plaintiff

has pointed to no injury resulting from the alleged delay in the transmittal of his appeal to the Georgia Court of Appeals other than the delay itself. The notice of appeal was filed in the Superior Court of Tift County, tolling any applicable time limit on the actual filing of the appeal, and according to the Georgia Court of Appeals website, the appeal remains pending as of the date of this recommendation. *See* O.C.G.A. § 5-6-37 ("an appeal may be taken to the Supreme Court or the Court of Appeals by filing with the clerk of the court wherein the case was determined a notice of appeal."). Even if the transmittal of the appeal was somehow incomplete or delayed, the pendency of the Amended Motion for New Trial extended the time within which the plaintiff could file his notice of appeal. *See* O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."). Additionally, the plaintiff admits that his second appellate attorney, Robert Jewell, asked that the record not be sent up on appeal until the transcript from plaintiff's Amended Motion for New Trial had been filed. Inasmuch as plaintiff's counsel asked for the record to continue to be held until this transcript was available and filed, there is no discernable prejudice to the plaintiff in any delay attributable to defendant Pate that occurred prior to the actual transmittal of plaintiff's appeal on February 14, 2007. *Accord Whitehead v. Schmid*, 148 Fed.Appx. 120 (3rd Cir. 2005) (Court clerk's alleged failure to file documents sent to him by inmate did not deny inmate access to the courts, inasmuch as inmate had exhausted his direct appeal rights six months prior and inmate therefore could not demonstrate any injury related to clerk's alleged actions).

In regard to plaintiff's contentions that defendant Pate somehow delayed the proceedings

in his state habeas petition, Pate states in her affidavit that

> Plaintiff filed an Application for Writ of Habeas Corpus in the
> Superior Court of Tift County on May 5, 2006. The Tift County Jail
> filed an Answer to Plaintiff's Application on June 9, 2006, . . .
> Another respondent filed a Special Appearance Motion to Dismiss
> Plaintiff's petition on June 26, 2006 . . . As is my customary practice
> and routine, shortly after it was filed, the Motion to Dismiss would
> have been forwarded to the superior court judge to which the case
> had been assigned, which in this case was Judge Ralph Simpson.
> My office is not responsible for scheduling hearings on habeas
> corpus petitions. Rather, the judge to which the case is assigned
> typically schedules the hearing.

Pate affidavit at ¶¶ 8, 9.

In response to Pate's summary judgment motion, the plaintiff maintains that he never
received a motion to dismiss his habeas petition and asserts that defendant Pate was responsible
for serving him with the respondent's motion to dismiss and to file and send his habeas petition
to the court. He continues to maintain that Pate failed to submit his habeas petition to the
Superior Court judge to whom it was assigned.

To the extent that the plaintiff asserts that Pate was responsible for serving him with the
respondent's Motion to Dismiss, the Clerk of Court does not bear such responsibility. The
parties are responsible for serving the opposing party with all pleadings and motions filed with
the court, subsequent to the filing of initial complaint or petition. The Clerk of Court bears
responsibility for serving the parties with orders, etc. filed by the court. Additionally, the
plaintiff has not established that defendant Pate failed to submit his habeas petition to the court.
Pate states in her affidavit that it was her practice to forward the pending motion to dismiss to the
appropriate judge and that beyond filing the petition, her office was not responsible for
scheduling hearings, etc. or for any further habeas proceedings.

Plaintiff's summary judgment motion consists merely of a reiteration of his claims as set out in his complaint, in addition to summary conclusions that the facts as alleged establish the violation of his constitutional rights, and fails to establish a basis for the granting of summary judgment in his favor. The undisputed facts herein establish that defendant Pate is entitled to the entry of summary judgment. Accordingly, it is the recommendation of the undersigned that plaintiff's Motion for Summary Judgment be **DENIED** and defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 16th day of August, 2007.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE